## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**DEBRA LYNN JURKOWICH**
       **Plaintiff,**

**vs.**                                              **Case No.: 3:09cv246/MCR/MD**

**THOMAS EDWARD JURKOWICH,**
       **Defendant.**

_____

### <u>REPORT AND RECOMMENDATION</u>

Plaintiff, Debra Lynn Jurkowich, originally filed this civil action in the Circuit Court for Escambia County, Florida.  Defendant Thomas Edward Jurkowich, proceeding *pro se*, removed the action to this Court.  (Doc. 1).

### BACKGROUND AND PROCEDURAL HISTORY

On November 7, 2008, plaintiff commenced this action in the Escambia County Circuit Court pursuant to the Florida Dissolution of Marriage Statute, Fla. Stat. § 61.052.  (Doc. 1, Ex. A; *see also* case number 2008-DR-003294 at http://www.escambiaclerk.com).  On April 2, 2009, the state court issued an order setting a non-jury trial/final hearing for June 12, 2009.  (*Id.*, Attach., Order Setting Non-Jury Trial dtd. 4/2/09).  On June 8, 2009, defendant filed the instant notice of removal.  He seeks to remove the state divorce proceeding to this Court pursuant to 28 U.S.C. §§ 1441 and 1443(1), and he asserts that this court has jurisdiction under 28 U.S.C. § 1331.  (Doc. 1, p. 1).

## DISCUSSION

Title 28 U.S.C. § 1446 provides the procedure for removal of a state civil action to federal court and states that a defendant desiring removal shall file in the federal district court a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).  Further, "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . ." 28 U.S.C. § 1446(b).  The federal district court shall examine the notice promptly, and "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4).

It is clear in the instant case that removal should not be permitted, as this Court lacks subject matter jurisdiction over defendant's divorce proceedings, despite defendant's contention that he is being denied his rights to due process and a jury trial under the Fifth, Seventh and Fourteenth Amendments to the United States Constitution.  Although pursuant to § 1441(b) an action may be removed if it is one that arises under federal law (*see also Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 6, 123 S.Ct. 2058, 2062, 156 L.Ed.2d 1 (2003)), if the defendant claims federal question jurisdiction, the "'well-pleaded complaint rule'" requires the federal question to be "presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana*, 552 U.S. 470, 475, 118 S.Ct. 921, 925, 139 L.Ed.2d 912 (1998) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987)).  *See also Gully v. First Nat. Bank in Meridian*, 299 U.S. 109, 112, 57 S.Ct. 96, 81 L.Ed. 70 (1936) ("[t]o bring a case within the [federal-question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action").  "A case will not be removable if the complaint does not

affirmatively allege a federal claim." *Beneficial*, 539 U.S. at 6, 123 S.Ct. at 2062. *See also Anderson v. H & R Block, Inc.*, 287 F.3d 1038, 1041 (11th Cir. 2002). Because the complaint in the instant case alleges no federal claim, this court does not have subject matter jurisdiction over plaintiff's claims.[1] Therefore, this action should be remanded to the state court.

Accordingly, it is respectfully RECOMMENDED:

1. That the removal be DISMISSED as improper.

2. That this action be REMANDED to the Circuit Court for Escambia County, Florida.

3. That the clerk be directed to send a certified copy of this Court's remand order to the Clerk of the Circuit Court for Escambia County, Florida, and close this file.

At Pensacola, Florida, this 15th day of June, 2009.

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

---

[1] "The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *Andenbrandt v. Richards*, 504 U.S. 689, 703, 112 S.Ct. 2206, 2214, 119 L.Ed.2d 468 (1992) (quoting *In re Burrus*, 136 U.S. 586, 593-94, 10 S.Ct. 850, 853, 34 L.Ed. 500 (1890)); *see also Stone v. Wall*, 135 F.3d 1438 (11th Cir. 1998). Thus, federal courts such as this one lack jurisdiction to determine issues of divorce (including marital property rights), alimony, paternity, child custody and child support. 504 U.S. at 703.